UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD HAYES,

                    Plaintiff,

    -v-                                        9:10-CV-1201
                                               (DNH/RFT)

C.O. BURCH, Great Meadow Correctional Facility,
C.O. WRIGHT, Great Meadow Correctional Facility,
C.O. JONES, Great Meadow Correctional Facility,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

NIXON PEABODY LAW FIRM              DANIEL J. HURTEAU, ESQ.
Attorney for Plaintiff
677 Broadway, 10th floor
Albany, NY 12207

RONALD HAYES, 02-A-4085
*Pro se* plaintiff
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929


HON. ERIC T. SCHNEIDERMAN          BRUCE J. BOIVIN, ESQ.
Attorney General for the State of New York    CHRISTOPHER J. HUMMEL, ESQ.
Attorney for Defendants                       Ass't Attorney General
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Ronald Hayes brought this action against defendants, each a corrections officer at Great Meadow Correctional Facility pursuant to 42 U.S.C. § 1983, alleging each defendant used excessive force upon plaintiff in violation of the Eighth Amendment. After a two day trial, the jury rendered a verdict in favor of defendants on September 22, 2015. Judgment was entered in favor of defendants on September 24, 2015. Plaintiff filed a motion to set aside the verdict on October 9, 2015, alleging that the verdict was against the weight of the evidence. See ECF No. 157. Additionally, plaintiff's counsel filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). See ECF No. 158. Defendants have filed opposition to both motions. See ECF Nos. 161 & 162.

**II. DISCUSSION**

(i) *Pro Se Motion.*

Both Hayes and his counsel have submitted post-trial motions. "A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel." Mitchell v. Senkowski, 489 F. Supp. 2d 147, 149 (N.D.N.Y. 2006) (D.J. Kahn) (quoting United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993)). There appears to be significant overlap between the motions. Given that plaintiff is currently incarcerated at Clinton Correctional Facility and communication with his counsel has previously been problematic, both motions will be considered on the merits.

(i) *Rule 50(b) Motion.*

"A Rule 50 motion may be granted only when, considering the evidence in the light most

favorable to the non-moving party and drawing all reasonable evidentiary inferences in that party's favor, there was no legally sufficient evidentiary basis for a reasonable jury to find in favor of the non-moving party." Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir. 2005). A jury verdict should not be set aside lightly, and only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009). In reviewing such a motion, a court must give "deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Brady v. Wal-Mart Stores, 531 F.3d 127, 133 (2d Cir. 2008).

As Hayes did not make the prerequisite pre-verdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), this post-trial motion may still be "granted by a district court where doing so is necessary to prevent manifest injustice." Henry v. Dinelle, 929 F. Supp. 2d 107, 113-114 (N.D.N.Y. 2013) (D.J. Suddaby).

Hayes argues that the evidence offered by him clearly showed that the purpose of the force delivered by defendants was to cause him pain and was therefore malicious in nature. As a result, plaintiff states that such "extra force" was *per se* not reasonable. According to plaintiff, the jury failed to consider the vast weight of the evidence demonstrating such excessive force. Therefore, plaintiff argues that no reasonable jury could have found for the defendants.

There was sufficient evidence for the jury to conclude that defendants used reasonable, and therefore not excessive, force in their interactions with Hayes. The jury was instructed that plaintiff must show that the defendant unnecessarily and wantonly inflicted pain upon plaintiff and

that such determination depended on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically for the very purpose of causing harm. See Jury Charge, ECF No. 153 at 15.

Contrary to plaintiff's assertion, the verdict in this case turned principally on witness credibility over whether the use of force was a good faith effort to maintain or restore discipline or done maliciously to cause harm, an evaluation of which is properly left to the jury. Plaintiff testified with regards to his version of the events of July 9, 2009, including that defendant Burch applied extra pressure to the handcuffs after applying them on plaintiff and that defendant Jones applied pressure to his arms while escorting him to the medical facility. In contrast, defendants testified that they either did not exert any force on plaintiff, or in the case of defendant Burch, that the force exerted on plaintiff was used to restore order as a Level 3 multi-man fight situation was occurring in the yard of Great Meadow Correctional Facility at the time. Burch testified that plaintiff did not follow his instruction to lie on the ground and he therefore forced plaintiff to the ground and applied handcuffs on him.

As the testimony of Hayes and the defendants was materially different regarding the interactions with plaintiff, the level of force exerted and the reasons such force was exerted, clear issues of fact were created for the jury's consideration. While plaintiff argues that the evidence clearly showed that the purpose of the force exerted upon him was to inflict pain, the testimony of the defendants proffered that such force was to ensure compliance with a legitimate order and to restore order to the yard. The jury was free to make credibility determinations and accept or reject the testimony of both plaintiff and defendants' witnesses. The plaintiff's motion admits such clear issues of fact existed. The recitation of facts contained in plaintiff's motion mirror those presented to the jury during his testimony. However, plaintiff himself notes that

certain factual allegations, such as defendant Burch purposely tightening handcuffs on plaintiff's arms and making derogatory remarks, were contested by defendants at trial.

Considering the evidence in the light most favorable to the defendants and drawing all reasonable evidentiary inferences in their favor, there was a legally sufficient evidentiary basis for a reasonable jury to find that any force exerted on plaintiff were made in a good faith effort to maintain discipline and thus, to find in favor of defendants. Further, the evidence in this matter is such that the failure to grant plaintiff's motion will not result in "manifest injustice". Accordingly, plaintiff's motion for judgment as a matter of law pursuant to Rule 50(b) is denied.

*(ii) Rule 59(a) Motion.*

Hayes also seeks to set aside the verdict on his excessive force claim. Plaintiff argues that the evidence established that defendant Jeremy Burch's conduct was not proportionate to plaintiff's actions and points to alleged contradictions in defendant Burch's testimony. As a result, plaintiff argues that the jury did not properly consider the evidence and that their verdict was against the weight of the evidence.

Under Federal Rule of Civil Procedure 59(a), a new trial may be granted even if there is substantial evidence supporting the jury's verdict. In considering a motion for a new trial, the court is free to weigh the evidence independently and need not view it in the light most favorable to the verdict winner. See Manley v. Ambase Corp., 337 F.3d 237, 244-45 (2d Cir. 2003). A new trial may be granted if "the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." Katara v. D.E. Jones Commodities, 835 F.2d 966, 970 (2d Cir. 1987). The standard for granting such a motion is high and rulings on motions under Rule 59(a) "are committed to the sound discretion of the district court." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 143 (2d Cir. 1998).

As explained above, the jury's verdict was based primarily on the credibility determinations of the jury, which were supported by sufficient evidence. Hayes was afforded the opportunity to cross examine defendant Burch and question him on any alleged inconsistencies in his testimony in hopes of impugning his credibility. As a result, the jury's verdict was neither erroneous nor a miscarriage of justice. Plaintiff has cited no other reasons why a new trial would be appropriate. Therefore, plaintiff's motion to set aside the verdict will be denied.

*(iii) Notice of Appeal.*

Lastly, plaintiff has submitted a letter dated October 8, 2015 advising the Court that he intends to appeal the Court's September 18, 2013 Decision & Order (ECF No. 102), the Judgment (ECF No. 156) and any potential adverse ruling of plaintiff's pending motion to set aside verdict. The plaintiff is advised that his October 8, 2015 is considered his Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i) and is effective upon this Decision and Order. Plaintiff is further advised that pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), plaintiff must file a notice of appeal, or amended notice of appeal, in compliance with Rule 3(c) to challenge this Decision and Order addressing his Rule 50(b) and Rule 59 motions.

Therefore, it is

ORDERED that

1. Plaintiff's motion to set aside the verdict (ECF No. 157) is **DENIED**;

2. Plaintiff's motion for judgment as a matter of law (ECF No. 158) is **DENIED**; and

3. The Clerk serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 1, 2015
       Utica, New York.